UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Caption in Compliance with D.N.J. LBR 9004-2(c)

Law Offices of Mark W. Ford, LLC
4 ½ North Broadway, PO Box 110
Gloucester City, NJ 08030
856-456-8811/856-456-8558 (Fax)
Attorney for the debtor

In Re:
RODNEY JOSE KELLY A/K/A RODNEY J. KELLY A/K/A RODNEY KELLY

Case Number:    19-11490

Hearing Date:

Judge:    MBK

Chapter:    13

| Recommended Local Form: | ☒ Followed | ☐ Modified |
|---|---|---|

**DECLARATION OF RODNEY KELLY IN OPPOSITION TO OBJECTION TO CONFIRMATION FILED BY CARRINGTON MORTGAGE SERVICES, LLC IN THE NAME OF WELLS FARGO BANK, N.A., AS TRUSTEE FOR CARRINGTON MORTGAGE LOAN TRUST, SERIES 2006-FRE1 ASSET-BACKED PASS-THROUGH CERTIFICATES**

The undersigned, Rodney Kelly, ("debtor")as owner of 9 Spindletop Lane Willingboro, NJ 08046, hereby submits debtor's opposition to the objection filed in this matter on March 13, 2019 by KML Law Group, P.C. ("KML") as attorney for Wells Fargo Bank, N.A., as Trustee for Carrington Mortgage Loan Trust, Series 2006-FRE1 Asset-Backed Pass-Through Certificates ("WFB as Trustee for CMLT 2006-FRE1") to confirmation of debtor's Chapter 13 Plan (Doc. 45), for the following reasons:

1. On February 25, 2019, debtor filed Form 106D – Creditors Who Have Claims Secured by Property, wherein at Line 2.1 and Line 2.2, debtor designated FGC Commercial Mortgage Finance ("FGC") as the secured creditor as it pertains to an "80/20" purchase note and mortgage instruments dated March 17, 2006 (Doc 27). The "80/20" purchase note and mortgage instruments are hereby collectively referred to as the "1st mortgage loan" and "2nd mortgage loan", respectively.

2. On March 7, 2007, the Federal Deposit Insurance Corporation ("FDIC") issued a cease and desist order against debtor's original creditor FGC[1] and the latter's subsidiary Fremont Investment & Loan ("FIL") for illegal mortgage origination practices including, but not limited to, baiting consumers with false and

---

[1] See the March 7, 2007 Order to Cease and Deist from <u>In the Matter of Fremont Investment & Loan, et al.</u> (Docket No. FDIC-07-035b).

1

deceptive promises of fixed interest rate mortgage loans wherein the monthly installments would include an escrow for property taxes and hazard insurance premiums, and then switching mortgagors into predatory mortgage loans consisting of adjustable interest rates without an escrow for taxes and insurance causing unsuspecting consumers to experience "payment shocks" upon the interest rate adjustment and delinquency notices for unpaid property taxes and hazard insurance premiums. Hence, the debtor avers the 1st mortgage loan and 2nd mortgage loan listed at Line 2.1 and Line 2.2 of Form 106D are the product of FGC's unfair, deceptive, and unlawful origination practices cited within the aforementioned cease and desist order entered on March 7, 2007.[2]

3. On June 18, 2008, debtor's original creditor FGC filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Central District of California, Santa Ana Division (*In re Fremont General Corporation*, a Nevada corporation, Case No. 8:08-bk-13421).

4. On June 14, 2010, debtor's original creditor FGC emerged from Chapter 11 bankruptcy in Case No. 8:08-bk-13421 under a court-approved reorganization plan, crafted by private investment firm Signature Group Holdings ("SGH"). Upon information and belief, the name of debtor's original creditor FGC was changed to "Signature Group Holdings Inc." ("SGHI") in or around August of 2010 following the aforementioned court-approved reorganization plan on June 14, 2010 in Case No. 8:08-bk-13421.

5. The facts based upon the public records maintained by the Office of the Clerk for Burlington County, New Jersey confirm that, as debtor's original creditor FGC entered Chapter 11 protection in the Bankruptcy Court for the Central District of California under Case No. 8:08-bk-13421 on June 18, 2008 and throughout the duration of the year 2010 wherein FGC was purchased by SGH and became SGHI the same year, the 1st mortgage and 2nd mortgage instruments recorded by the Burlington County Clerk on March 22, 2006 and designated by debtor at Line 2.1 and 2.2 in Form 106D remained unassigned to any party while Mortgage Electronic Registration Systems, Inc. ("MERS") located P.O. Box 2026, Flint, Michigan as the

---

[2] Id.

purported nominee for FGC remained the alleged "mortgagee" for the 1st mortgage loan and 2nd mortgage loan in dispute.

6. Hence, for the foregoing facts set forth above in ¶¶1-5 and re-stated herein as though fully incorporated by reference, the debtor did not designate WFB as Trustee for CMLT 2006-FRE1 or any other party as the secured creditor for the 1st mortgage loan and 2nd mortgage loan designated in Line 2.1 and Line 2.2 of Form 106D filed in this matter on February 25, 2019 (Doc. 27). Furthermore, debtor avers that his not designating WFB as debtor's secured creditor in this matter is appropriate and justifiable by law because WFB as Trustee for CMLT 2006-FRE1 has never forwarded a *"Notice of Sale / Transfer"* communication to debtor as required by and in accordance with 15 U.S.C. § 1641(g)- Notice of new creditor.

7. Accordingly, for the foregoing reasons set forth above in ¶¶1-6 and re-stated herein as though fully incorporated by reference, along with other pertinent facts and controlling law which debtor will elaborate upon when required, debtor's Chapter 13 plan filed on March 11, 2019 (Doc. 43) is feasible and complies with 11 U.S.C. §1322 and 11 U.S.C. §1325 because WFB as Trustee for CMLT 2006-FRE1 is not a proper party to claim secured creditor status and a right to repayment as it pertains to either of the two mortgage loans listed at Line 2.1 and Line 2.2 of Form 106D (Doc. 27).

8. The claims bar date is April 4, 2019, and as of present date, no party has filed a proof of claim for the mortgage loans listed in Line 2.1 and Line 2.2 of Form 106D.

9. Wherefore, for the foregoing reasons, debtor opposes WFB as Trustee for CMLT 2006-FRE1's objection to confirmation of debtor's plan, and rejects any assertion WFB as Trustee for CMLT 2006-FRE1 is a secured creditor with a perfected interest to enforce the 1st mortgage loan and or 2nd mortgage loan listed by debtor at Line 2.1 and Line 2.2 of Form 106D.

I certify the foregoing statements are true. I am aware that if the foregoing statements are willfully false, I am subject to punishment.

Dated: March 27, 2019                                /s/ Rodney Kelly
                                                     Rodney Kelly

3