UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Caption in Compliance with D.N.J. LBR 9004-2(c)

Law Offices of Mark W. Ford, LLC
4 ½ North Broadway, PO Box 110
Gloucester City, NJ 08030
856-456-8811/856-456-8558 (Fax)
Attorney for the debtor

| In Re: | Case Number: | 19-11490 |
|---|---|---|
| Rodney Jose Kelly | Hearing Date: | August 6, 2019 at 9:00 a.m. |
| | Judge: | MBK |
| | Chapter: | 13 |

| Recommended Local Form: | ☒ Followed | ☐ Modified |
|---|---|---|

**CHAPTER 13 DEBTOR(S) CERTIFICATION IN OPPOSITION TO CREDITORS MOTION FOR RELEIF FROM THE AUTOMATIC STAY**

The debtor in this case opposes the following (**choose one**):

☒ Motion for relief from the automatic stay .

A hearing has been scheduled for August 6, 2019

I oppose the above matter for the following reasons:

I, Rodney Kelly, of full age, the debtor in this matter, and owner of 9 Spindletop Lane Willingboro, NJ 08046, submits pursuant to Fed. R. Bankr. P. 3001 and 3007, debtor's opposition to Proof of Claim 3-1 ("POC #3) filed in this matter on April4, 2019 by KML Law Group, P.C. ("KML") as attorney for Wells Fargo Bank, N.A., as Trustee for Carrington Mortgage Loan Trust, Series 2006-FRE1 Asset-Backed Pass-Through Certificates ("WFB as Trustee for CMLT 2006-FRE1"), and Carrington Mortgage Services, LLC ("CMS") as the purported creditor's agent, and debtor request an evidentiary hearing for the reasons set forth immediately below:

### A. POC #3 Does Not ComplyWith Rule 3001(b).

1.    CMS through KML designated at Line 1 of Form 410 filed in this matter on April 4, 2019 WFB

1

as Trustee for CMLT 2006-FRE1 as the "creditor" as it relates to the "mortgage loan" designated by debtor at Line 2.1 of Form 106D (Doc. 27).

2. CMS through attorneys KML, not WFB as Trustee for CMLT 2006-FRE1, filed Form 410 on April 4, 2019.

3. Rule 3001(b) provides "*Who May Execute*" a Proof of Claim by setting forth in relevant part that: "A proof of claim shall be executed by the creditor or the creditor's authorized agent...". See Fed. R. Bankr. P. 3001(b).

4. Upon debtor's examination of the documents annexed to POC# 3, there is no power of attorney and or other letter of authorization wherein the purported creditor designated within Form 410, WFB as Trustee for CMLT 2006-FRE1, authorized CMS to appear in this matter on the alleged creditor's behalf as required by Rule 3001(b).

**B. POC #3 Does Not Comply With Rule 3001(c).**

5. The "*Supporting Information*" annexed to POC#3 is either missing, defective, forged, falsely notarized, and does not comply with Fed. R. Bankr. P. 3001(c) because:

   a. The "*Escrow Analysis*" annexed at Part 2 (pages 1 through 10) of POC#3 is defective, incomplete, and materially false because: (1) there is no breakdown of installments of principal and interest made towards the "mortgage loan" in dispute starting May 2006 throughout the year 2010.; (2) debtor did not make any payments towards the "mortgage loan" in dispute for the months of January, February, March, April, and May of year 2011 as implied by CMS, KML, and or WFB as Trustee for CMLT 2006-FRE1; and (3) there are unjust charges accessed including, but limited to, inspection fees at which times debtor maintained and resided within the subject property.

   b. the "Note" Instrument annexed at Part 5 (pages 1 through 10 of 48) of POC #3: is defective, forged, and or counterfeit because: (1) the instrument does not display an indorsement upon

2

the instrument by FGC as the original lender as required by New Jersey Uniform Commercial Code (NJ UCC) (See 12A:3-204); (2) the separate page titled "ASSIGNMENT OF PROMISSORY NOTE" displayed at page 9 of 48, asserts that FGC assigned the note instrument to Fremont Investment & Loan ("FIL") on March 22, 2006 which renders the note instrument non-negotiable wherein an indorsement in blank by FIL would be rendered void ab initio as a matter of fact and law.; (3) the separate page titled "NOTE ALLONGE" displayed at page 10 of 48, is not attached and permanently affixed to the last page of the note instrument displayed at page 4 of 48 in order to qualify as an allonge.; (4) the separate and untitled page displayed at page 5 of 48 displays an undated stamp presented to be an indorsement by FIL paid to the order of WFB as Trustee for CMLT 2006-FRE1, is not an indorsement as described by 12A:3-204, and any indorsements after FGC allegedly created the "ASSIGNMENT OF PROMISSORY NOTE" displayed at page 9 of 48, rendered the instrument non-negotiable wherein an indorsement thereafter is void *ab initio*.; (5) debtor denies the validity of his alleged signature affixed upon page four of four of the note instrument displayed at page 4 of 48; and (6) debtor avers the purported signatures affixed upon the separate page titled "ASSIGNMENT OF PROMISSORY NOTE" displayed at page 9 of 48, the separate page titled "NOTE ALLONGE" displayed at page 10 of 48, and the separate and untitled page displayed at page 5 of 48 are forgeries and or stamps displaying the names and alleged signatures by persons who debtor avers lacked the capacities claimed within, lacked knowledge as to the ownership and transfer of the note in dispute, and they never physically held the original note.

c. the "Mortgage" a/k/a "Security Instrument" annexed at Part 5 (pages 11 through 31 of 48) of POC #3 displays a defective legal description upon setting fortha lot and block of 42 / 140 and metes and bounds for a property known as 7 Geraldine Road, North Arlington, Bergen

County New Jersey, 0Post Sprague Lane, Willingboro, New Jersey 08046 as required by N.J.S.A. 25:1-11(a) and 46:3-16.;

    d. the instrument titled "ASSIGMENT OF MORTGAGE" annexed at Part 5 (pages 32 through 38 of 48) of POC #3 is void *ab initio*, displays misrepresentations of fact, imposters, and a false notarization because: (1) Mortgage Electronic Registration Systems, Inc. ("MERS") is misrepresented to be the "nominee" for FGC on June 27, 2012 after FGC filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Central District of California, Santa Ana Division on June 18, 2008 (*In re Fremont General Corporation*, a Nevada corporation, Case No. 8:08-bk-13421), and after FGC emerged from Chapter 11 bankruptcy in Case No. 8:08-bk-13421 under a court-approved reorganization plan, crafted by private investment firm Signature Group Holdings ("SGH") and order dated on June 9, 2010.; (2) MERS as the purported "nominee" for FGC is declared to be the assignor of the "mortgage loan" in dispute on June 27, 2012 when, at all relevant times, MERS had already admitted it takes no interest in and is contractually prohibited from taking any action upon mortgage loans.;[1] (3) WFB as Trustee for CMLT 2006-FRE1 was unable to and did not take ownership and or possession of the mortgage loan in dispute on June 27, 2012 or any other date after the June 28, 2006 closing date set forth within the binding Pooling and Servicing Agreement ("PSA") dated June 1, 2006 that was filed with the United States Security and Exchange Commission ("SEC"),[2] for the purported transfer and assignment after the closing date would jeopardize WFB as Trustee for CMLT

---

[1] See Exhibit A annexed hereto for MERS' own admissions on October 15, 2004 in Mortgage Electronic Registration Systems, Inc., Appellant v. Nebraska Department of Banking & Finance, Respondent (A-04-000786) (Id. at 22); See also Exhibit B annexed hereto for MERS' admissions before the Nebraska Supreme Court resulting in the opinion and order entered on October 15, 2005 in Mortgage Electronic Registration Systems, Inc. v. Nebraska Department of Banking & Finance, 704 N.W.2d 784, 788 (Neb. 2005); see also Exhibit C annexed hereto for the February 11, 2011 Certification of Mortgage Electronic Registration Systems, Inc., In Response to Administrative Order 01-2010 filed with the N.J. Sup. Ct. (Docket No.: F-238-11) wherein MERS declared in relevant part that: "MERS is not a mortgage servicer, nor does MERS own beneficial interests in promissory notes." (Id. at ¶9).

[2] See http://www.sec.gov/Archives/edgar/data/1365984/000095013606005696/file2.htm (last checked April 8, 2019).

4

2006-FRE1's alleged status as a Real Estate Mortgage Investment Conduit ("REMIC") pursuant to 26 U.S.C. §§ 860G(a)(3)(4), 860(d)(1), and the alleged assignment in contravention of the aforementioned PSA is void pursuant to New York Consolidated Laws, Estates, Powers and Trusts Law - EPT § 7-2.4.[3];

e. the names and purported signatures of Joe Loots and Besty Ostermann displayed within the aforementioned instrument as "Assistant Secretary" for MERS, and the alleged notarization by California notary public Rosario Navarro constitutes the crime of fictitious persons in violation of 18 U.S.C. § 1342 and notary fraud because, at all relevant times: (1) Joe Loots, Besty Ostermann, and Rosario Navarro were employees of CMS for MERS has never had any such employees, and Rosario Navarro never witnessed identification from Joe Loots and Besty Ostermann to confirm their purported identities as officers of MERS.;[4] and (2) Joe Loots and Besty Ostermann lacked knowledge about the whereabouts, ownership, and transfer of the "mortgage loan" in dispute, and they never physically held and or inspected the same.; and

f. the purported "modification" annexed at Part 5 (pages 38 through 48) of POC #3 is defective, predatory, unexecuted, and void ab initio because: (1) the debtor is the only person who allegedly signed the instrument on May 24, 2011 without any notarization to acknowledge debtor's alleged signature.; (2) the instrument is dated May 24, 2011 while, at all relevant times, MERS remained the purported "mortgagee" of record for the mortgage loan in

---

[3] See New York Consolidated Laws, Estates, Powers and Trusts Law - EPT § 7-2.4 stating: "If the trust is expressed in the instrument creating the estate of the trustee, every sale, conveyance or other act of the trustee in contravention of the trust, except as authorized by this article and by any other provision of law, is void."; see also See Allison & Ver Valen Co. v. McNee, 9 N.Y.S. 2D 708 (N.Y. Sur. 1939); Dye v. Lewis (New York, Sup. Crt., 1971) 67 Misc.2d 426, 324 N.Y.S.2d 172. (The authority of the trustee is subject to any limitations imposed by the trust instrument [EPTL, s 11—1.1, subd. (b)(8)], and every act in contravention of the Trust is void. [EPT, s 7—2.4]). See also In re Saldivar, Case No. 11-1-0689 (June 5, 2013); Glaski v. Bank of America, N.A., 218 Cal. App. 4th 1079 (2013); Horace vs. LaSalle Bank, N.A. from the Alabama Circuit Court of Russell County (Case No.: 57-CV-2008-000362.00).

[4] See the April 7, 2010 deposition of William Hultman as an executive of MERSCORP Holdings, Inc. ("MERSCORP") in Bank of New York as trustee vs. Victor Ukpe, et al. (Docket No. F-10209-08) from the Superior Court of New Jersey (Id. at Page 69, Lines 13 - 18, 25, and Page 70, Lines 1-9)

dispute, and CMS has failed to demonstrate its authority to modify the mortgage loan.; and

(3) the instrument displays an unconscionable balloon feature which is prohibited under applicable state and federal laws.

Further, the debtor avers for the record that an instrument similar to the aforementioned document submitted in this matter by CMS, KML, and WFB as Trustee for CMLT 2006-FRE1 on April 4, 2019 titled "ASSIGNMENT OF MORTGAGE", whichmisrepresentsa transfer of a mortgage loan to a trust entity after the latter closed, and displays the names and alleged signatures of CMS' employees impersonating officers of a non-existing entity, resulted in a jury award on November 6, 2015 for $5.4 Million that is annexed hereto as Exhibit G in <u>Wolfe v. Wells Fargo Bank, as Trustee, and Carrington Mortgage Services</u> from the District Court of Harrison County, Texas (Cause No. 2011-36476).

### C. <u>POC #3 Does Not Comply With Rule 3001(d).</u>

6. For the foregoing reasons set forth above within ¶5 and its subparts, and re-stated herein as though fully incorporated by reference, CMS, KML, and WFB as Trustee for CMLT 2006-FRE1 have failed to present to this Court "Evidence of Perfection of Security Interest" as provided by Fed. R. Bankr. P. 3001(d) which provides: "If a security interest in property of the debtor is claimed, the proof of claim shall be accompanied by evidence that the security interest has been perfected."

7. Specifically, because the "Mortgage" a/k/a "Security Instrument" annexed at Part 5 (pages 11 through 31 of 48) of POC #3 does not comply with N.J.S.A. 25:1-11(a) and 46:3-16 upon including a defective legal description setting forth a lot and block of 42 / 140 and metes and bounds for a property known as 7 Geraldine Road, North Arlington, Bergen County New Jersey, 07031, not 9 Spindletop Lane, Willingboro, New Jersey 08046, CMS, KML, and WFB as Trustee for CMLT 2006-FRE1 have failed to present "Evidence of Perfection of Security Interest" as provided by Fed. R. Bankr. P. 3001(d).

### D. <u>POC #3 Constitutes A Violation of 18 U.S.C. §§ 152, 157, and 3571.</u>

8. For the foregoing reasons set forth above within ¶¶1-7, and re-stated herein as though fully incorporated by reference, CMS, KML, and WFB as Trustee for CMLT 2006-FRE1 knew or should have known POC #3 and the documents annexed thereto in support constitutes concealment, false oaths and claims in

violation of 18 U.S.C. § 152 because CMS, KML, and WFB as Trustee for CMLT 2006-FRE1: (1) knowingly and fraudulently made false oaths or accounts in or in relation to debtor's case under title 11; (2) knowingly and fraudulently made false declarations or statements under penalty of perjury in or in relation to debtor's case under title 11; (3) knowingly and fraudulently presented a false claim for proof against the estate of debtor; and (4) after the filing of debtor's case under title 11 or in contemplation thereof, knowingly and fraudulently concealed, destroyed, mutilated, falsified, or made false entries in any recorded information (including books, documents, records, and papers) relating to the property or financial affairs of debtor.

9. For the foregoing reasons set forth above within ¶¶1-7, and re-stated herein as though fully incorporated by reference, CMS, KML, and WFB as Trustee for CMLT 2006-FRE1 knew or should have known POC #3 and the documents annexed thereto in support constitutes bankruptcy fraud in violation of 18 U.S.C. § 157 because CMS, KML, and WFB as Trustee for CMLT 2006-FRE1: (1) devised or intended to devise a scheme or artifice to defraud and for the purpose of executing or concealing such a scheme or artifice or attempting to do so, they filed documents in debtor's proceeding under title 11; and (2) made a false or fraudulent representation, or claim concerning or in relation to debtor's proceeding under title 11.

10. For the foregoing reasons set forth above within ¶¶1-7, and re-stated herein as though fully incorporated by reference, CMS, KML, and WFB as Trustee for CMLT 2006-FRE1 knew or should have known POC #3 and the documents annexed thereto in support constitutes alteration and falsification of records in bankruptcy in violation of 18 U.S.C. §1519 because CMS, KML, and WFB as Trustee for CMLT 2006-FRE1 knowingly altered, concealed, covered up, falsified, and made false entries of record and documents, with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of the debtor's case filed under title 11.

11. Additionally, CMS, KML, and WFB as Trustee for CMLT 2006-FRE1 knew about, should have known about, and or omitted and concealed from this Court:

    a. the existence and location of the transferable record a/k/a electronic promissory note

("eNote") that is associated with the "mortgage loan" in dispute, dated March 17, 2006, worth at least $151,920.00, and currently registered on the MERS® eRegistry and assigned an eighteen-digit Mortgage Identification Number ("MIN") of 1001944-8000081440-8 which serves as the unique identifier for eNotes registered on the MERS® System.;

b. the mortgage loan in dispute is subject to and cover by the March 7, 2007 cease and desist issued by the Federal Deposit Insurance Corporation ("FDIC") against debtor's original creditor FGC[5] and the latter's subsidiary FIL for illegal mortgage origination practices including, but not limited to, baiting consumers with false and deceptive promises of fixed interest rate mortgage loans wherein the monthly installments would include an escrow for property taxes and hazard insurance premiums, and then switching mortgagors into predatory mortgage loans consisting of adjustable interest rates without an escrow for taxes and insurance causing unsuspecting consumers to experience "payment shocks" upon the interest rate adjustment and delinquency notices for unpaid property taxes and hazard insurance premiums.; and

c. before the falsely declared transfer of the mortgage loan from MERS as the alleged nominee for FGC on June 27, 2012 as uttered within the instrument titled "ASSIGNNMENT OF MORTGAGE" annexed to POC #3, debtor's original lender FGC filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Central District of California, Santa Ana Division on June 18, 2008 (See Exhibit E annexed hereto for the petition from *In re Fremont General Corporation, a Nevada corporation*, Case No. 8:08-bk-13421), and after FGC emerged from Chapter 11 bankruptcy in Case No. 8:08-bk-13421 under a court-approved reorganization plan, crafted by private investment firm Signature Group Holdings ("SGH"), and ordered dated on June 9, 2010 that

---

[5] See Exhibit D annexed hereto for the March 7, 2007 Order to Cease and Deist from In the Matter of Fremont Investment & Loan, et al. (Docket No. FDIC-07-035b).

12. Last, and certainly not least, the debtor designated FGC, not WFB as Trustee for CMLT 2006-FRE1 (or any other party) as the secured creditor for the 1st mortgage loan in dispute designated in Line 2.1 of Form 106D filed in this matter on February 25, 2019 (Doc. 27)because WFB as Trustee for CMLT 2006-FRE1 has never forwarded a *"Notice of Sale / Transfer"* communication to debtor as required by 15 U.S.C. § 1641(g) - Notice of new creditor.

### CONCLUSION

13. Wherefore, at a minimum, the debtor respectfully request this Court deny the POC filed by CMS through KMLas the purported (emphasis added) servicing agent and attorneys, respectively, for WFB as Trustee for CMLT 2006-FRE1, and disallow Proof of Claim3-1 pursuant to Rule 3001 and 11 U.S. Code § 502.

This certification is being made in an effort to resolve the issues raised in the creditors motion to modify the automatic stay

1. I certify under penalty of perjury that the above is true.

Date: 07-18-2019

/s/ Rodney Kelly
Rodney Kelly