| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in compliance with D.N.J. LBR 9004-1(b)**<br><br>Mark W. Ford, Esq.<br>Law Firm of Mark W. Ford, LLC<br>PO Box 110<br>4 1/2 North Broadway<br>Gloucester City, NJ 08030<br>Tel: 856-456-8811<br>*"Attorney for Debtor"*<br><br>In Re:<br><br>Rodney Jose Kelly aka Rodney J. Kelly aka Rodney Kelly<br><br>Debtor | U.S. BANKRUPTCY COURT<br>FILED<br>TRENTON, NJ<br><br>2019 AUG -5 P 12: 28<br><br>JEANNE A. NAUGHTON<br>BY: C. Kelly<br>DEPUTY CLERK<br><br>Case No.: 19-11490-MBK<br><br>Judge: Hon. Michael B. Kaplan<br><br>Chapter: 13 |

## SUPPLEMENTAL CERTIFICATION OF DEBTOR RODNEY KELLY IN OPPOSITION OF MOTION FOR RELIEF FROM AUTOMATIC STAY FILED BY CARRINGTON MORTGAGE SERVICES, LLC IN THE NAME OF WELLS FARGO BANK, N.A., AS TRUSTEE FOR CARRINGTON MORTGAGE LOAN TRUST, SERIES 2006-FRE1 ASSET-BACKED PASS-THROUGH CERTIFICATES

I, Rodney Kelly, of full age, the debtor in this matter and owner of 9 Spindletop Lane Willingboro, NJ 08046 ("subject property"), herein submits this supplemental certification in support of debtor's opposition to the motion for relief from automatic stay filed in this matter by KML Law Group, P.C. ("KML") as attorney for Wells Fargo Bank, N.A., as Trustee for Carrington Mortgage Loan Trust, Series 2006-FRE1 Asset-Backed Pass-Through Certificates ("WFB as Trustee") and Carrington Mortgage Services, LLC ("CMS") as the purported creditor's agent (Doc. 70), by stating as follows:

1

1. I aver that WFB as Trustee, who CMS declared to be the creditor for a certain note and mortgage (hereafter collectively referred to as the "mortgage loan") with a principal balance of $151,920 and which the now non-existing entity FGC Commercial Mortgage Finance ("FGC")[1] is the original lender / payee, does not have standing to move this Court for relief from automatic stay, because:

   a. there are no final judgments or orders entered by the Superior Court of New Jersey in either Docket No.: F-015290-12 or Docket No.: C-00027-18, both of which involve the debtor as defendant and the aforementioned party(s) as Plaintiff and, therefore, neither *Rooker-Feldman* or *res judicata* are applicable in this matter.;

   b. the mortgage instrument annexed to the motion for relief from automatic stay (Doc. 70-3) and Proof of Claim 3-1 ("POC 3-1") (Id. at Pages 11-31) filed herein by WFB as Trustee through CMS consist of an incorrect and defective legal description upon setting for metes and bounds along with a lot and block for 7 Geraldine Road, North Arlington, Bergen County, New Jersey 07031, without setting forth metes and bounds for the subject property as required by N.J.S.A. §§ 2A:50-64, 46:3-16, 25:1-11(a). Consequently, the aforementioned defective legal description set forth within the mortgage instrument annexed in support of relief from automatic stay prohibits WFB as Trustee and CMS as the former's

---

[1] On June 18, 2008, my original lender FGC filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Central District of California, Santa Ana Division on June 18, 2008 (See *In re Fremont General Corporation, a Nevada corporation*, Case No. 8:08-bk-13421) and emerged from Chapter 11 bankruptcy in Case No. 8:08-bk-13421 under a court-approved reorganization plan, crafted by private investment firm Signature Group Holdings ("SGH") and order dated on June 9, 2010.

      purported agent from enforcement through foreclosure and / or relief from automatic stay due to the lack of perfection as required by Rule 3001(d) and N.J.S.A. §§ 2A:50-64, 46:3-16, 25:1-11(a).; and

  c.  the "Modification" annexed to the motion for relief from automatic stay is void for several matters of fact and law including, but not limited to,; (1) I never made a payment towards the purported modification in order for the alleged agreement to be "enforceable"; (2) the terms and conditions consisting of a balloon feature are predatory and usurious; and (3) as of the May 24, 2011 "effective date", the alleged owner with possession of the original mortgage loan has yet to be determined in order to be ascertain if CMS was authorized to create the alleged "modification".

2.    Furthermore, the note instrument and additional pages that are enclosed within "EXHIBIT A" attached to the motion for relief from automatic stay (Doc. 70-2) has not been indorsed by FGC as the original lender, does not prove any ownership or possession was transferred to WFB as Trustee or CMS, and raises series questions and concerns, because:

  a.  Page 4 of 4 of the note instrument submitted herein is not indorsed by FGC as the original lender (Doc. 70-2 at Page 5 of 11).;

  b.  the separate and untitled page that follows page 4 of 4 of the note is void upon displaying an undated stamp presented as an indorsement by Fremont Investment and Loan ("FIL") paid to the order of WFB as Trustee (Doc. 70-2 at Page 6 of 11) and the first indorsement, rather

3

affixed to page 4 of 4 or by allonge permanently affixed to page 4 of 4, has to be executed by FGC as the original payee, not FIL.;

c. the three page note rider referenced within page 4 of 4 of the note (Doc. 70-2 at Page 5 of 11) is behind the aforementioned separate and untitled page that follows page 4 of 4 of the note (Doc. 70-2 at Pages 7-9 of 11), instead of being attached to page 4 of 4 as declared within.;

d. a page titled "ASSIGNMENT OF PROMISSORY NOTE" follows the aforementioned three page rider, rendering the note instrument non-negotiable wherein indorsements under the Uniform Commercial Code due not effectuate transfers, because FGC allegedly assigned the note to FIL on March 22, 2006 without recourse in return for alleged consideration of "VALUE RECEIVED" (Doc. 70-2 at Pages 10 of 11).; and

e. the last page titled "NOTE ALLONGE" that follows the aforementioned page titled "ASSIGNMENT OF PROMISSORY NOTE" and displaying a purported indorsement without a date by FGC to FIL (Doc. 70-2 at Page 11 of 11), is void because: (1) the purported "NOTE ALLONGE" is not affixed to page 4 of 4 of the note; and (2) the purported "NOTE ALLONGE" follows and is contradicted by the aforementioned page titled "ASSIGNMENT OF PROMISSORY NOTE" that is dated March 22, 2006 and renders the note instrument non-negotiable because FGC allegedly assigned the note to FIL without

4

recourse in return for alleged consideration of "VALUE RECEIVED" (Doc. 70-2 at Pages 10 of 11).

3. Annexed hereto as "EXHIBIT A" is an illustration of the recital set forth above in ¶2 and displayed within the aforementioned defective note instrument submitted herein on July 10, 2019 by WFB as Trustee through CMS in support of relief from automatic stay (Doc. 70-2).

4. I re-aver and reallege to the statements and other documents submitted herein on April 9, 2019 (Doc. 51) and on July 22, 2019 (Doc. 71) as though fully incorporated herein by reference.

I certify that the foregoing statements made by me are true, and the motion along with the bankruptcy petition at bar, are made in good faith. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

Dated: 08-04-2019

Respectfully Submitted

*[signature]*

Rodney Kelly
*"Debtor"*

